IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIANITA A. HERNÁNDEZ, et al.,

    Plaintiffs,

        v.                                  CIVIL NO.: 09-1946(MEL)

MUNICIPIO DE CAROLINA, et al.,

    Defendants.

**OPINION AND ORDER**

Pending before the court is a motion presented by defendants' counsel at the June 7, 2010 hearing requesting that defendants be permitted to present evidence to the jury of plaintiffs' comparative negligence. The parties have submitted memoranda in support of their respective positions on this issue. (Docket Nos. 51, 52.) For the reasons stated below, defendants' motion in compliance (Docket No. 51) is NOTED and DENIED, while plaintiffs' motion to preclude defendants from asserting a comparative negligence defense (Docket No. 52) is GRANTED.

On June 7, 2010, a hearing was held regarding various allegations that defendants had unjustifiably obstructed the discovery process and misinformed the court as to discovery issues. (Docket No. 47.) First, the court found that defendants severely delayed answering plaintiffs' interrogatories and requests for production of documents. The interrogatories and production requests, served on defendants on December 29, 2009, were due on February 1, 2010. (Docket No. 24 at 2; Docket No. 30, ¶ 3; see Docket Nos. 30-2, 30-3.) Taking defendants at their word, such discovery was sent to plaintiffs' counsel at the earliest on April 23, 2010, roughly two months before

1

the trial date.[1] (Docket No. 35, ¶ 4.) Apart from indications by defendants' former attorney Marcos Valls Sánchez that he was having "communication problems" with defendant Municipality of Carolina, defendants have offered no excuse for the delay in production. (See Docket No. 28, ¶ 5.) Second, the court found that defendant Municipality of Carolina's eleventh-hour cancellation of a deposition scheduled by plaintiffs was unjustifiable. On May 12, 2010, plaintiffs notified defendants of the deposition, scheduled for May 24, 2010. (Docket No. 39.) However, the Municipality waited until ten minutes before the time the deposition was scheduled to begin to notify plaintiffs' counsel that no one from the Municipality would be attending the deposition. (Docket No. 45, ¶¶ 2, 4.) The only reason offered by defendants for the late notice of cancellation is that defendants were in the process of transferring counsel.[2] Given that defendants had been given reasonable notice of the deposition time, that they had previously unjustifiably delayed the discovery process, that counsel Valls had not been granted leave to withdraw as attorney of record prior to the date of the deposition at issue, and that trial is set to begin on June 30, 2010, the court imposed sanctions and ordered that defendants' answers denying liability be stricken and that the jury trial be limited to damages.[3]

---

[1] Plaintiffs allege that they did not receive the answers until May 26, 2010. (Docket No. 45, ¶ 6.) Trial is set to begin June 30, 2010. (Docket No. 24.)

[2] Former defense counsel's motion to withdraw filed on May 19, 2010 was denied without prejudice due to technical errors that could have been easily and promptly cured. (Docket No. 41; see Docket No. 40.) Therefore, there is no justification for the delay in counsel José L. Lugo's appearance, since according to the motion to withdraw, counsel Lugo's office was already "fully aware of all the proceedings and things to do" in the case. (Docket No. 40, ¶ 3.) In any event, an attorney is responsible for the handling of a case until leave to withdraw is granted. Hence, the untimely cancellation notice, which forced plaintiffs to incur in unnecessary expenses, is unacceptable.

[3] This sanction is imposed for a different reason than the monetary sanction earlier imposed on defendants. (Docket No. 37; see Docket Nos. 30, 33, 35.) On April 16, 2010, plaintiffs filed a motion to compel defendants to provide answers to their interrogatories and to produce requested documents. (Docket No. 30.) Defendants did not oppose that motion. Rather, after court granted the unopposed motion, defendants filed a motion for reconsideration, asserting that defendants had produced the answers and the documents eleven days prior to the court's ruling. (Docket No. 35; see Docket No. 33.) In view of defendants' failure to file a timely response to the motion to compel in order to put the court in a position to promptly solve the discovery dispute, the court ordered defendants to pay

However, upon motion by defendants' counsel, the court took under advisement the issue of whether defendants will be permitted to present evidence to show plaintiffs' comparative negligence.

The court's ruling that trial shall be limited to damages foreclosed the issue of liability. (Docket No. 47.)  Allowing evidence of plaintiffs' comparative negligence effectively reopens the issue of liability by permitting defendants to argue who in fact caused plaintiffs' injuries.[4]  Thus, to permit defendants to argue comparative fault to the jury would deny plaintiffs the full benefit of the court's ruling. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 160 (2d Cir. 1992).  Moreover, determining comparative negligence requires a factfinder to compare the evidence showing the negligence of plaintiffs to the evidence showing the negligence of defendants. Defendants contend that the jury should be permitted to reduce defendants' liability to the extent that defendants prove plaintiffs' negligence.  However, the court has already ruled that plaintiffs need not prove defendants' negligence at trial, and without a full merits hearing in which all parties present evidence of negligence, the determination of comparative fault of just one party is impracticable.  Furthermore, defendants do not offer any viable solution to the possibility that a jury could find plaintiffs 100% negligent and defendants 0% negligent, essentially nullifying the sanctions imposed by the court.  Therefore, pursuant to the court's prior ruling, the trial shall be limited to the issues of damages.  Both plaintiffs and defendants will be allowed to present evidence relevant to damages and to cross-examine any witnesses on the issue of damages.

**III    CONCLUSION**

For the reasons stated above, defendants' request to allow them to present evidence of

---

one third of plaintiffs' attorney's fees associated with the motion to compel. (Docket No. 37.)

[4] At the hearing on June 7, 2010, defendants' counsel Jose L. Lugo Mercado appeared to concede liability, indicating that after reviewing newly received evidence, "I don't see why we wouldn't accept negligence."

plaintiffs' comparative negligence at trial is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of June, 2010.

                                                      <u>s/Marcos E. López       </u>
                                                      U.S. MAGISTRATE JUDGE